UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARL R. JENSEN,

        Plaintiff,

v.                           CASE NO.  8:15-CV-197-T-17MAP

BARBARA A. PALMER,

        Defendant/
    Third Party Plaintiff,

v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee
for Fremont Home Loan Trust
2006-1,

    Third Party Defendant.

_____/


ORDER

This cause is before the Court on:


Dkt. 4    Motion to Quash Service of Process and to
             Set Aside Clerk's Default and Final Judgment
Dkt. 5    Motion to Sever and Remand Non-Removable Claims
Dkt. 6    Notice
Dkt. 8    Motion to Remand
Dkt. 11  Response to Motion to Remand

Defendant Deutsche Bank National Trust Company, as Trustee for Fremont
Home Loan Trust 2006-1, removed this case for Sarasota County Circuit Court, Case
No. 2013-DR-00249-SC, on January 29, 2015.  (Dkt. 1). The basis of jurisdiction is
diversity.

Case No. 8:15-CV-197-T-17MAP

The Third Party Complaint is a complaint for declaratory judgment in which Carl R. Jensen and Barbara A. Palmer seek a declaration of their rights as to a note and mortgage on real property at 3158 Irving Street, Sarasota, FL, 34237. Third Party Plaintiffs seek a declaratory judgment determining:

1. That the mortgage and note have been dismissed with prejudice;

2. That foreclosure cannot be had on the mortgage to the real property;

3. That the Statute of Limitations has passed and the mortgage and note are unenforceable;

4. That the title to the subject real property is free of the lien of the mortgage and the lis pendens filed against the property.

Third Party Plaintiffs allege they are in doubt as to their rights under the note and mortgage and seek a declaratory judgment to clear any cloud from the title to the property.

Third Party Plaintiffs allege that Third Party Defendant Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust 2006-1, is subject to the Court's jurisdiction by virtue of having filed a foreclosure action in Sarasota County Circuit Court and having the property located in Sarasota County, Florida. Third Party Plaintiffs further allege Third Party Defendant is proper by virtue of an Assignment recorded as Instrument # 2008072130 designating Deutsche Bank National Trust Company. Third Party Plaintiffs further allege that service of process to be had is upon the registered agent of Deutsche Bank as indicated by various documents of record in Sarasota County, Florida and with the State of Florida.

The Assignment of Mortgage (Dkt. 8, p. 6) is from Mortgage Electronic Registration Systems, Inc., "residing or located at c/o Wells Fargo Bank, N.A., 3476

Case No. 8:15-CV-197-T-17MAP

Stateview Blvd., Ft. Mill, SC, 29715" to Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust 2006-1, "residing or located at: c/o America's Servicing Company, 3476 Stateview Blvd., Ft. Mills, SC, 29715."

Third Party Plaintiffs served Third Party Defendant on October 1 2013 at the address indicated on the Assignment: "c/o America's Servicing Company, 3476 Stateview Boulevard, Ft. Mills, SC, 29715" by corporate service on Ken Gober, "work director," "who is authorized to accept service of process for the defendant at the address where served, and was served in the absence of those parties, officers, or otherwise as listed in F.S.  48.081 and 48.091 who were not present at the time of service."  (Dkt. 4-2, p. 2).   The Alias Summons also indicates the summons is to be served on CT Corporation System, Registered Agent, 1200 S. Plantation Island Road, Plantation, FL, 33324.  A Clerk's Default was entered against Deutsche Bank National Trust Company as Trustee for Fremont Home Loan Trust 2006-1 (Dkt. 4-8, p. 2).    The Final Judgment entered against Third Party Defendant in Sarasota County Circuit Court states "service of process was had and proof of service was filed with the court."  (Dkt. 8, p. 18).

Third Party Defendant has moved to sever and remand the original non-removable claim, the divorce action, and retain jurisdiction over the third party claim pending against Deutsche Bank.

I.  Removal

Third Party Defendant Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust 2006-1 ("DBNTC") removed the Third Party Complaint after learning of the Final Judgment entered against Defendant.  Upon removal, Defendant filed a Motion to Quash Service of Process and To Set Aside Clerk's Default and Final Judgment.

Case No. 8:15-CV-197-T-17MAP

Defendant DBNTC has shown that the requirements for diversity jurisdiction are met in this case.  This case is within the Court's original jurisdiction.  The citizenship of Defendant DBNTC, as trustee, controls for diversity purposes.   Under its articles of incorporation, Defendant DBNTC's main office is located in Los Angeles, California (Dkt. 1).   Therefore, Defendant DBNTC is a citizen of California.  Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006)(national bank is "located" for diversity jurisdiction purposes in state designated in articles of association as locus of its main office, not in every state where it has branch offices).   Third Party Plaintiffs are citizens of Florida.  The amount in controversy, which in this case is established by face amount of the mortgage, is in excess of $75,000.00.

2.  Motion to Remand

Third Party Plaintiffs argue that Third Party Defendant's removal is an improper attempt to reopen a state court action that has been concluded by entry of a Final Judgment.  Third Party Plaintiffs argue that the state court determined that process was proper and the court had jurisdiction before entering the Final Judgment, and at this point all times for motions and appeals have passed.  Third Party Plaintiffs argue that the exhibits attached to the Motion to Remand demonstrate conclusively that service of process in fact was obtained.

Third Party Defendant responds that the arguments of Third Party Plaintiffs rest on the presumption that service of process was valid, and in this case, Third Party Defendant was never properly served.  Third Party Defendant further argues that a party can move to set aside a void judgment at any time and the entry of a final judgment does not constitute res judicata since a void judgment is a legal nullity.  Greisel v. Gregg, 733 So.3d 1119, 1121 (Fla. 5th DCA 1999).  Third Party Defendant argues that, since it was not properly served, the default judgment is void and Third Party Defendant retains the right to set it aside.  Third Party Defendant argues that the

4

Case No. 8:15-CV-197-T-17MAP

removal clock begins to run upon formal service, which in this case has not yet occurred.  Third Party Defendant argues that the Motion to Remand should be denied.

After removal, state court proceedings are treated as those of the district court. Savell v. Southern Ry., 93 F.2d 377, 379 (5th Cir. 1937).  The district court may reexamine its own proceedings.  A state court judgment in a case removed to federal court does not foreclose subsequent proceedings in the case in federal court.  Maseda v. Honda Motor Co., 861 F.2d 1248, 1252 (11th Cir. 1988).  "A federal district court may dissolve or modify injunctions, orders and all other proceedings which have taken place in state court prior to removal."  Id.  In Jackson v. American Sav. Mortg. Corp., 924 F.2d 195, 199 (11th Cir. 1991), the Eleventh Circuit Court of Appeal explains that if a removed case has in it at the time of removal an order or judgment of the state trial judge, it shall be incumbent on the party seeking an appeal to first move the district court to modify or vacate the order or judgment.  In In re Savers Federal Sav. & Loan Assn., 872 F.2d 963 (11th Cir. 1989), the Eleventh Circuit Court of Appeal explains that, depending on the circumstances,  a case can be removed after reaching entry of a final judgment.

 Although it is past the time to appeal, the circumstances of this case justify permitting Defendant to remove Third Party Complaint.   Thompson v. Deutsche Bank Nat. Trust Co., 775 F.3d 298, 303-304 (5th Cir. 2014)(citing cases, including Ware v. Fleetboston Fin. Corp., 180 Fed. Appx. 59, 62-63 (11th Cir. 2006)(defendant could remove action on appeal to the state's highest court because never properly served with process)).  Defendant asserts that Defendant was not properly served.   Effective service is necessary for the trial court to have the authority to declare the rights of the parties; without effective service, the final judgment is void.    The Court notes that Florida follows a liberal policy with regard to vacating defaults.

Case No. 8:15-CV-197-T-17MAP

3.  Motion to Quash Service

Third Party Defendant DBNTC moves to quash service, set aside the Clerk's Default and Final Judgment because service on an individual employed by a completely separate entity is not sufficient service under Florida law.  Third Party Defendant argues that the return of service is facially invalid and cannot serve as the basis for a Clerk's default or default judgment.

The burden is on Third Party Plaintiffs to show that service of process was sufficient.   When the defendant challenges process or service of process the plaintiff must make a <u>prima</u> <u>facie</u> showing that the Court has obtained personal jurisdiction over the defendant by presenting evidence sufficient to withstand a directed verdict motion. <u>Internet Solutions Corp. v. Marshall</u>, 557 F.3d 1293, 1295 (11th Cir. 2009).   A return of service serves as <u>prima</u> <u>facie</u> evidence that service was validly performed.   Where a return of service is invalid on it face, the return of service cannot be relied on as evidence that service of process was valid.  <u>Re-employment Servs., Ltd. v. Nat'l Loan Acquisitions Co.</u>, 969 So.2d 467, 471 (Fla. 4th DCA 2007).

The return of service establishes that Plaintiffs attempted service on Defendant by following state law.  Fed. R. Civ. P. 4(h)(1) provides for service on a corporation: "(A) in the matter prescribed by Rule 4(e)(1); or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant."  Fed. R. Civ. P. 4(e)(1) authorizes service by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

Case No. 8:15-CV-197-T-17MAP

Under Florida law, service of process on a corporation can only be made on a representative or agent of the corporation designated by law.  Sec. 48.081, and 48.091 Fla.  Stat., provide the exclusive means for service on an active corporation, and these provisions are to be strictly construed.   Dade Erection Service v. Sims Crane Service, 379 So.2d 423, 426 (Fla. 2d DCA 1980).

Sec. 607.0501(2), Fla. Stat., which requires a registered office and registered agent, provides:

> (2) This section does not apply to corporations which are required by law to designate the Chief Financial Officer as their attorney for the service of process, associations subject to the provisions of chapter 665, and banks and trust companies subject to the provisions of the financial institutions codes.

Therefore, in this case, the Court looks to the requirements of Sec. 48.081, Fla. Stat., and not service on a registered agent pursuant to Sec. 48.091.  Plaintiffs attempted corporate service on Third Party Defendant "in care of"  "America's Servicing Company."  Plaintiffs served Ken Gober as "work director" at the address of America's Servicing Company in South Carolina.  The Court takes judicial notice that America's Servicing Company is a division of Wells Fargo Home Mortgage that services the loans of other lenders[1]; in other words, America's Servicing Company is a different corporate entity than Defendant DBNTC.   In the context of corporate law,  a "director" means one who serves on the Board of Directors of the named corporation.  See e.g. Sec. 607.0202, Fla. Stat.  The Court understands service on a director in Sec. 48.081(1) to require service on a member of the Board of Directors of the defendant corporation. Service on a "work director" is not service on a director in accordance with Sec. 48.081(1).

---

[1]Http://www.americasservicingcompany.org, 2/27/2015.

Case No. 8:15-CV-197-T-17MAP

Strict compliance with Sec. 48.081 requires that "a return which shows service upon an inferior officer or agent must demonstrate that all members of a superior class could not first be served.  This is a condition precedent to validity of service on a member of an inferior class."  Dade Erection Service, 379 So.2d at 425.  Service that does not strictly comply with the requirements of Sec. 48.081(1), showing a diligent search for superior officers or the necessity for substitute service,  must be quashed. S.T.R. Industries, Inc. v. Hidalgo Corp. 832 So.2d 262, 264 (Fla. 3d DCA 2002).

Sec. 48.081(2) applies to service on agents of a corporation within the State of Florida.  As an alternative to service under Sec. 48.081(1), service may be permitted under Sec. 48.081(3) on "any employee at the corporation's principal place of business or on any employee of the registered agent."  Sec. 48.081(3) applies where service cannot be made on a registered agent because of failure to comply with Sec. 48.091. The Court determined above that Third Party Defendant was not required to comply with Sec. 48.091; therefore service under Sec. 48.081(3) does not apply.

Plaintiffs also designated CT Corporation, Registered Agent, to be served in the alias third party summons (Dkt. 4-1).  CT Corporation is the Registered Agent for Deutsche Bank Trust Company Americas.   The named Third Party Defendant is Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust 2006-1, a different entity from  Deutsche Bank Trust Company Americas.

After consideration, the Court finds that the return of service is invalid on its face. Third Party Plaintiffs did not strictly comply with the requirements of Sec. 48.081(1). Service on an individual in his capacity as "work director" is not service on a director of the defendant corporation.  Although the return states that superior officers were not present, there is no showing that Ken Gober qualified as a business agent of the corporation, and the corporate entity located at the address where service was made is a different entity than the corporation Plaintiffs intended to serve with process.  The

Case No. 8:15-CV-197-T-17MAP

Court will therefore deny the Motion to Remand and grant the Motion to Quash Service of Process, Set Aside Clerk's Default and Final Judgment.  Accordingly, it is

**ORDERED** that the Motion to Remand (Dkt. 8) is **denied**; the Motion to Sever and Remand Nonremovable Claims (Dkt. 5) is **granted**; and the Motion to Quash Service of Process and Set Aside Clerk's Default and Final Judgment (Dkt. 4) is **granted**.  The Court retains jurisdiction **only** as to the Third Party Complaint seeking a declaratory judgment as to foreclosure matters; the divorce action is **remanded** .  The Clerk's Default and the Final Judgment are **vacated**.  Third Party Plaintiffs **shall obtain** service on Third Party Defendant within thirty days, or obtain a waiver of service to be filed with the Court.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 3rd day of March, 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record